UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

TIMOTHY STONE,
    Plaintiff,

v.                                             C.A. No. 11-127L

A.T. WALL, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

Patricia A. Sullivan, United States Magistrate Judge

      Plaintiff Timothy Stone brings this *pro se* action under 42 U.S.C. § 1983 claiming that he was brutally assaulted by correctional officers at the Adult Correctional Institutions ("ACI") on April 23, 2008, and that senior ACI officials were aware of the potential danger and did nothing to protect him. Plaintiff demands one million dollars in compensatory damages and one million dollars in punitive damages from each of the fifteen Defendants, as well as injunctive relief.

      Four of the named ACI officials[1] have challenged the adequacy of Plaintiff's complaint by a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) based on the absence of any plausible factual allegation that they engaged in misconduct that caused Plaintiff's injury. Two of the officers (Inspector John Lopez and Correctional Officer Nick Violante) join the Fed. R. Civ. P. 12(b)(6) motion because some of the allegations naming them occurred more than three years before the filing of the complaint and are barred by the applicable statute of limitation. Two of the accused correctional officers[2] have moved for summary judgment pursuant to Fed. R. Civ. P.

---

[1] Specifically, Defendants ACI Director Ashbel T. Wall, Warden James Weeden, Deputy Warden Donna Collins and Inspector John Lopez join the motion to dismiss based on the lack of plausible allegations that they committed any wrongful conduct. Defendants Wall, Weeden and Collins also move based on the absence of any factual allegations sufficient to impose supervisory liability under § 1983.

[2] Two of the correctional officer Defendants (Correctional Officers Thomas Pierce and Adam Klaus) join the motion for summary judgment. The remaining nine Defendants – S.I.U. Freeman and Correctional Officers Nick Violante, Duarte, Dennet, Tierney, Leduc, Ronald Renshaw, Ed Sousa and Spadoni – have not joined the summary judgment

56 based on Plaintiff's *nolo contendere* plea to the charge that he assaulted them during the same incident. Both motions have been referred to me for recommended findings and disposition. For the reasons that follow, I recommend that both be granted.

I.     FACTS[3] AND TRAVEL

Plaintiff is serving a life sentence at the ACI for a series of events that occurred on June 11, 2000, when he shot in the head and robbed a cabdriver and chased two employees into Capriccio's restaurant where he pistol-whipped, shot and robbed one of them and brandished his gun at a third and at police. State v. Stone, 924 A.2d 773, 776-77 (R.I. 2007). Following trial by jury, Plaintiff was convicted of first degree robbery, assault with intent to murder, commission of a crime of violence while armed with a firearm, carrying a pistol without a license, possession of a firearm after a previous conviction of a crime of violence and four counts of assault with a dangerous weapon. Id. at 775. According to a contemporaneous news report, confirmed by Rhode Island Superior Court records, he was released pretrial, absconded and had to be rearrested.[4] Indraneel Sur, Suspect in Taxi Shooting Missing, Hartford Courant (Apr. 11, 2001) available at http://articles.courant.com/2001-04-11/news/0104111835_1_weapons-charges-gun-at-police-officers-rhode-island.

---

motion. Eight of them (S.I.U. Freeman and Correctional Officers Duarte, Dennet, Tierney, Leduc, Ronald Renshaw, Ed Sousa and Spadoni) have not joined either motion.

[3] Because this report and recommendation is addressing both a motion to dismiss, which must focus only on the facts alleged in the complaint, and a motion for summary judgment, which takes cognizance of all potentially admissible facts submitted by the parties, these facts are drawn from an array of sources, including legal material and news reports from public sources of which this Court may take judicial notice (such as the Rhode Island Supreme Court decision affirming Plaintiff's criminal conviction), the complaint, Defendants' Statement of Undisputed Facts and the declarations and other materials submitted by Plaintiff. The provenance of each fact is indicated in the text. Because of the procedural posture of these motions, I treat all of the facts alleged by Plaintiff in his complaint as true. Debnam v. FedEx Home Delivery, 766 F.3d 93, 94 (1st Cir. 2014). Further, the parties have identified no material issue of any material fact for purposes of the summary judgment motion; accordingly, I also accept all of the facts from Plaintiff's deposition excerpt and the declarations and affidavits he submitted. See Velazquez-Garcia v. Horizon Lines of P.R., Inc., 473 F.3d 11, 18 (1st Cir. 2007).

[4] See also State v. Stone, No. P1-2001-0635AG (R.I. Super. Ct. Jan. 3, 2001).

By his own description, Plaintiff has been a violent and verbally-explosive inmate. See, e.g., ECF No. 43 at 2 (Plaintiff describes fight in which he subdued another inmate who would not release Plaintiff for fear Plaintiff would hit him again); ECF No. 46-11 at 1 (inmate declaration describes Plaintiff insulting correctional officer's mother); see ECF No. 47-1 at 4 (Plaintiff complains of search following contraband being found in cell). Nevertheless, in 2003, he was accused of three counts of felony assault on a correctional officer; he denied the charges and ultimately was acquitted by a jury on September 21, 2006. Compl. ¶ 18; ECF No. 43 at 1 (Plaintiff's Declaration); State v. Stone, No. P2-2004-1949A (R.I. Super. Ct. Sept. 21, 2006). While the 2003 assault charge was pending but before the acquittal, on January 26, 2006, Plaintiff claims that Correctional Officer Spadoni told him, "when you die in your cell I'm going to wrap your body in blankets and put a heater in there to keep your body tempature [sic] up, that way they can't identify time of death." ECF No. 43 at 2 (Plaintiff's Declaration). Plaintiff interpreted this remark as a "death threat" and brought it to the attention of Defendants Weeden and Lopez, allegedly to no avail. Compl. ¶ 21. Meanwhile, between January 30, 2006, and June 5, 2008, Plaintiff persistently informed Defendants Weeden, Collins, Lopez and Galligan of a pattern of harassment and threats by correctional officers, yet nothing was done to alleviate the situation. Compl. ¶ 24. In his many written complaints, he mentions an assault following his refusal to cooperate during a strip search in 2006 involving Correctional Officer Violante, Compl. ¶ 22, and being pepper-sprayed after his fight with another inmate. Compl. ¶ 23.

The primary focus of Plaintiff's complaint is the incident that occurred on April 23, 2008. According to the pleading, it was triggered the day before by a verbal altercation with Correctional Officer Pierce during the count. Plaintiff sat while waiting for Officer Pierce to finish a conversation. Compl. ¶¶ 25-26. As a result, Officer Pierce made a derogatory remark,

3

in response to which Plaintiff "told him he only talks behind the door." Compl. ¶¶ 27-29. When Officer Pierce, using obscenities, told Plaintiff he would be booking him, Plaintiff responded with an obscenity and a derogatory reference to Pierce's mother. Compl. ¶ 32. The following day, Plaintiff was cut off by Correctional Officers Piece and Klaus as he was going to recreation. Compl. ¶¶ 33-34. Plaintiff tried to step away and then backed up to defuse the situation; his leg gave out as he did so "due to an untreated medical condition." Compl. ¶¶ 34, 36-37. The officers rushed at him, throwing punches, and continued punching him as he fell to the floor. Compl. ¶¶ 35, 38. Officer Klaus punched him in the eye, fracturing the socket. Compl. ¶ 38. Both of them fell on top of him after he hit the floor, punching and causing a broken nose and multiple lacerations. Compl. ¶ 39. These injuries (and the blood spattered wall and floor) are confirmed by photographs submitted with Plaintiff's opposition to the summary judgment motion. ECF Nos. 47-1 at 14, 47-2 at 1-5, 47-3 at 1-4, 47-4 at 1-5, 47-5 at 1-5.

This phase of the incident ended when Plaintiff was handcuffed and lying on the floor on his stomach. Compl. ¶ 40. Other officers pulled him to his feet and walked him down the corridor to the hospital; as they went, the correctional officers participating (Violante, Sousa and Spadoni) pepper-sprayed him, smashed his face into a doorway, a wall and obstructions, breaking a tooth, and punching, kneeing and kicking his back, ribs and kidneys. Compl. ¶¶ 40-45. Six other officers (Duarte, Dennet, Leduc, Renshaw, Tierney and Freemen) watched but did nothing to "prevent the abuse." Compl. ¶¶ 46-47.

Sometime after the April 23 incident, Correctional Officer Tierney told Plaintiff that all this was in retaliation for his acquittal on the 2003 assault charges. Compl. ¶ 48; see ECF No. 46-1 at 1. Plaintiff asserts that, at no time during these events was he "fighting or resisting the officers." Compl. ¶ 43.

4

As a result of the April 23, 2008, incident, Plaintiff was charged with a felony in the Superior Court, specifically two counts of simple assault on Correctional Officers Klaus and Pierce. He was represented by counsel. ECF No. 44-1 at 1-2. After extensive pretrial activity and with trial approaching,[5] on October 20, 2011, Plaintiff pled *nolo contendere* to both counts and received a sentence of one year on each count to run concurrently to the sentence he was already serving at the ACI. See ECF No. 35 at 7-8 (State v. Stone, No. P2-2008-2518A (R.I. Super. Ct. Feb. 8, 2012)) (Judgment of Conviction and Commitment, and Criminal Information). In his deposition submitted by the State in support of its motion for summary judgment, Plaintiff testified that he pled *nolo contendere* to the assault charges because "they offered me a year running in with my sentence. And because of my level of exposure and upon my lawyer's suggestion, I took the year." ECF No. 35 at 9.

Plaintiff filed this § 1983 action on March 29, 2011, nearly three years after the April 23, 2008, incident, but before Plaintiff's *nolo contendere* plea to the charges stemming from the incident. The federal case progressed slowly without much action until the case was referred to me on January 23, 2014; I held a Rule 16(b) scheduling conference on February 18, 2014, and set pretrial deadlines for discovery and a briefing schedule for dispositive motions. Following the completion of discovery, Defendants Pierce and Klaus filed their motion for summary judgment (ECF No. 35) while Defendants Wall, Weeden, Collins and Lopez filed their motion to dismiss (ECF No. 37). After several extensions, Plaintiff filed his oppositions to both motions, including extensive evidence in his opposition to the summary judgment motion documenting his persistent complaints about how he has been treated by ACI correctional officers and his serious injuries arising from the April 23 incident.

---

[5] See ECF No. 35 at 9 (Plaintiff testifies at deposition that he pled *nolo* as he "was going to trial"); State v. Stone, No. P2-2008-2518A (R.I. Super. Ct.).

## II. LAW AND ANALYSIS

This matter is presented both as a challenge to the pleadings under Fed. R. Civ. P. 12(b)(6) and for summary judgment under Fed. R. Civ. P. 56. I will address each Motion separately.

### A. Motion to Dismiss

#### 1. Pleading Standard under Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) permits this Court to dismiss an action for failure to state a claim on which relief can be granted. See Fantini v. Salem State Coll., 557 F.3d 22, 26 (1st Cir. 2009). To survive a motion to dismiss, a complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests and allege a plausible entitlement to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007). A plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In evaluating a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor. Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 52-53 (1st Cir. 2013). The Court need not credit bald assertions or unverifiable conclusions. Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 595 (1st Cir. 2011). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 555 (court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Because Plaintiff is *pro se*, this Court must review his Complaint with liberality. Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

## 2. Defendants Wall, Weeden, Collins and Lopez

I begin with the well-settled principle that a superior officer cannot be held vicariously liable under 42 U.S.C. § 1983 on a *respondeat superior* theory, see Aponte Matos v. Toledo Davila, 135 F.3d 182, 192 (1st Cir. 1998), but may be found liable under § 1983 only on the basis of his own acts or omissions. Benbow v. Weeden, CA 13-334 ML, 2013 WL 4008698, at *8 (D.R.I. Aug. 5, 2013). Thus, "[s]ection 1983 claims do not impose purely supervisory liability." Cordero-Suárez v. Rodríguez, 689 F.3d 77, 82 (1st Cir. 2012). Liability may be imposed on a supervisor only: (1) if the supervisor is the primary violator or direct participant in the alleged rights-violating incident or (2) if the responsible official supervises, trains, or hires a subordinate with deliberate indifference to the possibility that deficient performance may eventually result in a civil rights violation. Sanchez v. Pereira-Castillo, 590 F.3d 31, 49 (1st Cir. 2009); Flores v. Wall, No. CA 11-69 M, 2012 WL 4471101, at *9 (D.R.I. Aug. 31, 2012).

"[N]ot every official who is aware of a problem exhibits deliberate indifference by failing to resolve it." See Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 533 (1st Cir. 2011). When a complaint charges the use of excessive force by correctional officers, supervisors can be liable only if they had, or should have had, actual foreknowledge of the wrongful activity, as well as the authority to require change, but did not do so; the plaintiff must plausibly plead actual knowledge or deliberate indifference that is causally linked to the conduct of the wrongdoer who caused the injury. Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581-82 (1st Cir. 1994). The causal connection is a critical element of the claim and may be shown by past history of conduct sufficiently wide-spread and known to the supervisor as to alert him to the need to act to correct the problem. Id. at 582.

Defendants Wall, Weeden and Collins are all charged as supervisors, alleged in the complaint to be legally responsible (as to Wall) for the overall operation of the Department of Corrections and (as to Weeden and Collins) for operation of the High Security Center where Plaintiff was housed and for the welfare of all inmates there. Compl. ¶¶ 4, 5, 6. Defendant Lopez is simply described as an "Inspector," with no allegation that he had any authority to act if he became aware of a circumstance calling for supervisory action. Compl. ¶ 7. The only factual allegations against this group of Defendants are in paragraph 21, which alleges that Defendants Weeden and Lopez were made aware in January 2006 that Plaintiff had safety concerns because of the Spadoni "death threat," and in paragraph 24, which alleges that, between January 2006 and June 2008, Defendants Weeden, Collins and Lopez were told on numerous occasions that Plaintiff was being subjected to an escalating pattern of harassment causing him to fear for his safety. Defendant Wall is not mentioned at all.

Apart from the Spadoni remark, which preceded Plaintiff's acquittal on the 2003 assault charge, the only specific instances impliedly referenced[6] in Plaintiff's numerous communications with Weeden, Collins and Lopez were the allegation of an assault after he resisted a strip search by Correctional Officer Violante and the allegation that he was pepper-sprayed to disengage him from another inmate he had fought and subdued (and who was fearful Plaintiff would hit him

---

[6] The content of Plaintiff's communications with Weeden, Collins and Lopez is not expressly described in the complaint. However, the two paragraphs that precede paragraph 24 describe these two incidents, permitting the inference that they were covered in the complaints made to Weeden, Collins and Lopez. In addition, I have sifted through the thirty-six pages of communications from Plaintiff to Weeden and Lopez (and other prison officials) from October 19, 2006 through May 8, 2009; he filed them with his opposition to these motions. They reference and flesh out these two incidents as well as Plaintiff's concern about a search of his cell and his complaint about items, including legal papers, allegedly taken from him. None are sufficient to establish or permit the inference that Weeden, Collins and Lopez had foreknowledge that one or more of the correctional officers assigned to High Security were planning to attack Plaintiff in retaliation for his acquittal on the 2003 charge. Mindful that the Court's consideration of a motion under Rule 12(b)(6) should "not look beyond the four corners of the complaint," McElheny v. Trans Nat'l Travel, Inc., 165 F. Supp. 2d 190, 194 (D.R.I. 2001), to avoid a costly and futile amendment to the complaint, I have treated these materials as if they were incorporated into the body of the complaint. See Yagoozon, Inc. v. Kids Fly Safe, CA 14-040 ML, 2014 WL 3109797, at *10 n.9 (D.R.I. July 8, 2014). I still find it legally insufficient.

again). Compl. ¶¶ 22-23; see ECF No. 43 at 2. Both of the latter incidents occurred within a month after Plaintiff's acquittal on the assault charge, but there is no allegation that Plaintiff drew that connection to the attention of Weeden, Collins or Lopez.

These allegations are not enough to clear the Iqbal/Twombly threshold. They simply do not come close to alerting any of the supervisors or Inspector Lopez, who is alleged simply to be a messenger lacking the authority to take action, that one or more of the correctional officers assigned to High Security were planning to attack Plaintiff in retaliation for his acquittal on the 2003 charge. The Spadoni complaint must be disregarded because it precedes Plaintiff's acquittal and so cannot be factually linked to retaliation based on the acquittal. For the remainder, at most, they simply served to inform Weeden and Collins that Plaintiff was dissatisfied with a wide array of the conditions of his incarceration, including that Plaintiff disagreed with the level of force used when he was disobedient and engaged in violence directed at others. Further, apart from the paragraph describing his authority, Defendant Wall is not mentioned at all and Inspector Lopez cannot be liable merely due to his status as the addressee on Plaintiff's memoranda transmitting his complaints. Accordingly, I recommend that the motion to dismiss based on the lack of plausible allegations asserting actionable misconduct by Defendants Wall, Weeden, Collins and Lopez be granted. See Benbow, 2013 WL 4008698, at *8 (prisoner request for ACI director to "review my issue" insufficient to state claim); Flores, 2012 WL 4471101, at *9-11 (dismissing ACI director, assistant director and warden due to lack of factual support for conclusory allegation that they knew of plaintiff's transfer to dangerous environment or were primary actor or direct participant in events).

### 3. Statute of Limitations

The statute of limitations for actions brought under 42 U.S.C. § 1983 is drawn from the applicable state law of personal injury. See Ayala-Sepulveda v. Municipality of San German, 671 F.3d 24, 29 n.3 (1st Cir. 2012). In Rhode Island, the personal injury statute of limitation period is three years. R.I. Gen. Laws § 9-1-14; Esposito v. Town of N. Providence, CA 04-302S, 2006 WL 2711736, at *5 (D.R.I. Sept. 21, 2006); Pascoag Reservoir & Dam, LLC v. Rhode Island, 217 F. Supp. 2d 206, 226 (D.R.I. 2002). Because Plaintiff's complaint was filed on March 29, 2011, any claim that accrued prior to March 29, 2008, is barred by the statute of limitations. While the primary incident alleged in the complaint – the April 23, 2008, assault – is not affected by the limitation period, to the extent that the incidents from 2006 mentioned in paragraphs 21, 22 and 23[7] are intended as standalone claims, and not merely as part of the background leading up to the April 23, 2008, incident, such claims are barred because they are out of time. I recommend that they be dismissed.

### B. Motion for Summary Judgment

#### 1. Summary Judgment Standard under Fed. R. Civ. P. 56

Under Fed. R. Civ. P. 56, summary judgment is appropriate if the pleadings, discovery, declarations, affidavits and other materials in the record show that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Taylor v. Am. Chemistry Council, 576 F.3d 16, 24 (1st Cir. 2009); Commercial Union Ins. Co. v. Pesante, 459 F.3d 34, 37 (1st Cir. 2006). A fact is material only if it possesses the capacity to sway the outcome of the litigation; a dispute is genuine if the evidence about the fact is such that a

---

[7] Paragraph 21 alleges that Correctional Officer Spadoni made a "death threat," which was communicated to Warden Weeden and Inspector Lopez on January 30, 2006. Paragraph 22 alleges that Correctional Officer Violante assaulted Plaintiff during a strip search on October 11, 2006, and Paragraph 23 claims that Plaintiff was pepper-sprayed after a fight with another prisoner on October 18, 2006.

reasonable jury could resolve the point in the favor of the non-moving party. Estrada v. Rhode Island, 594 F.3d 56, 62 (1st Cir. 2010).

In ruling on a motion for summary judgment, this Court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000) (citing Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996)). However, the non-moving party may not rest merely on conclusory allegations or denials, but must present affirmative evidence of specific facts demonstrating a genuine issue as to each element on which he will bear the ultimate burden at trial. See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 53 (1st Cir. 2000) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). "Even in cases where elusive concepts as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or] unsupported speculation." Johnston v. Urban League of R.I., Inc., C.A. No. 09-167S, 2011 WL 2297655, at *3 (D.R.I. May 17, 2011) (alteration in original) (quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)). The non-moving party's evidence must have substance in that "it limns differing versions of the truth which a factfinder must resolve." Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989).

### 2. Effect of Plaintiff's *Nolo Contendere* Plea

The motion for summary judgment of Correctional Officers Pierce and Klaus is based on a simple legal proposition – that Plaintiff's *nolo contendere* plea to the criminal charge that he assaulted Pierce and Klaus during the April 23, 2008, incident estops him from now claiming in this § 1983 action that they assaulted him.

### i. Heck v. Humphrey

Since this Circuit decided Thore v. Howe, 466 F.3d 173 (1st Cir. 2006), it is settled that the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), may bar a civil rights claim asserting excessive force brought by a plaintiff who earlier pled guilty to state criminal charges of assault arising from the same event. Thore, 466 F.3d at 174. Under Heck, as long as a § 1983 suit for damages would "necessarily imply" the invalidity of a conviction, such a claim is not cognizable under § 1983 unless and until a challenge to the conviction is favorably resolved. Heck, 512 U.S. at 487. When a § 1983 claimant has a conviction based on the same incident, the district court must consider the relationship between the § 1983 claim and the conviction, including asking whether the plaintiff could prevail only by "negat[ing] an element of the offense of which he [was] convicted." Thore, 466 F.3d at 179 (quoting Heck, 512 U.S. at 486 n.6). If a "judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence," the civil claim is barred. Thore, 466 F.3d at 179-80.

Whether a claim is barred by Heck turns on the plaintiff's allegations. Baez v. Connelly, CA 10-399-ML, 2011 WL 2462301, at *7 (D.R.I. June 17, 2011), rev'd on other grounds, 478 F. App'x 674 (1st Cir. 2012); see also Wooten v. Law, 118 F. App'x 66, 68-69 (7th Cir. 2004). A civil rights plaintiff charging that he is the victim of excessive force pleads himself into Heck-barred territory when his civil complaint insists that he did not physically resist the guards; accepting the plaintiff's civil pleading as true renders his conviction for assault of the same guards "almost certainly . . . in error." Wooten, 118 F. App'x at 69 (citing Heck, 512 U.S. at 489); see Baez, 2011 WL 2462301, at *7, rev'd on other grounds, 478 F. App'x 674. If the civil complaint contains allegations inconsistent with the validity of the conviction, Heck kicks in and bars the civil suit. Edwards v. Balisok, 520 U.S. 641, 646–48 (1997).

12

Here, Plaintiff's *nolo contendere* plea to simple assault of Officers Pierce and Klaus on April 23, 2008, constitutes an admission to a violation of R.I. Gen. Laws § 11-5-3, which proscribes the commission of simple assault. Iacampo v. Hasbro, Inc., 929 F. Supp. 562, 576-77 (D.R.I. 1996). Under Rhode Island law, simple assault is defined as "a physical act of a threatening nature or an offer of corporal injury which puts an individual in reasonable fear of imminent bodily harm." Proffitt v. Ricci, 463 A.2d 514, 517 (R.I. 1983). Put differently, the offense of simple assault occurs if there is an "unlawful attempt or offer, with force or violence, to do a corporal hurt to another [or to put] . . . another in fear of violence." State v. Froais, 653 A.2d 735, 737 (R.I. 1995) (quoting State v. Jeremiah, 546 A.2d 183, 186 (R.I. 1988)). It is also a well-settled matter of Rhode Island law that a *nolo contendere* plea that results in a sentence of incarceration constitutes a conviction.[8] Rhode Island v. Seamans, 935 A.2d 618, 623 (R.I. 2007) (*nolo contendere* plea is the equivalent of a guilty plea; both constitute criminal convictions); State v. Briggs, 934 A.2d 811, 816 (R.I. 2007) (judgment of conviction enters after *nolo contendere* plea). For Heck purposes, such a guilty plea has the same preclusive effect as a conviction after trial. See Salcedo v. Town of Dudley, 629 F. Supp. 2d 86, 102 (D. Mass. 2009) (while First Circuit has not directly addressed issue, "at least five other circuits have held that a deferred adjudication or plea of nolo contendere constitutes a conviction for the purposes of Heck"); Nuno v. Cnty. of San Bernardino, 58 F. Supp. 2d 1127, 1135 (C.D. Cal. 1999) (§ 1983 action cannot lie because it would call into question validity of conviction under *nolo contendere* plea); cf. Olsen v. Correiro, 189 F.3d 52, 68 (1st Cir. 1999) ("as to the validity of the sentence rendered, a nolo plea is the equivalent of a guilty plea," analogizing to Heck).

---

[8] Plaintiff relies on Rhode Island v. Poulin, 66 A.3d 419 (2013) in arguing that his *nolo contendere* plea should not bar his § 1983 action. However, Poulin held that a plea of *nolo contendere* followed by sentence of probation only is not conviction; it did not address the effect of a *nolo* plea that results in a sentence of incarceration. Id. at 425.

13

Plaintiff's pleading, read in light of Heck, is doomed as to the claim that Correctional Officers Pierce and Klaus violated his rights under § 1983 by the retaliatory beating laid out in paragraphs 33 to 39 and 43. The allegations that Plaintiff "attempted to go around them," Compl. ¶ 34, "began backing up to defuse the situation," Compl. ¶ 36, and that "[a]t no time was I fighting or resisting the officers," Compl. ¶ 43, are starkly inconsistent with his admission that he assaulted them. Plaintiff has "[pled] himself into Heck-barred territory" and Correctional Officers Pierce and Klaus are entitled to summary judgment on this aspect of Plaintiff's complaint, including his damage claims based on their conduct.[9] Wooten, 118 F. App'x at 69. I so recommend.

It is important to note that this holding does not affect the viability of the claims against the nine correctional officers (Violante, Sousa, Spadoni, Duarte, Dennet, Leduc, Renshaw, Tierney and Freeman) who allegedly mistreated Plaintiff after he was handcuffed on April 23, 2008, or observed that mistreatment and took no action. Compl. ¶¶ 40-47; see Hudson v. McMillian, 502 U.S. 1, 8-9 (1992) (when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated; supervisor who observed beating also liable); Durham v. Nu'Man, 97 F.3d 862, 867 (6th Cir. 1996) (correctional officer who observes unlawful beating may be held liable under § 1983 without actively participating).

  **ii. Judicial Estoppel**

Also resolved by Thore is the applicability of the doctrine of judicial estoppel to prevent a civil plaintiff making a claim that depends on facts that are inconsistent with the facts to which

---

[9] Many of Plaintiff's injuries are alleged to have been incurred during the alleged assault by Correctional Officers Pierce and Klaus. Compl. ¶¶ 38-39.

he agreed in connection with a plea.[10]  Thore, 466 F.3d at 182-87.  In Thore, the court held that judicial estoppel should, as a rule, apply to facts admitted during guilty pleas.  Id. at 183 (citing Lowery v. Stovall, 92 F.3d 219 (4th Cir. 1996)).  Nevertheless, it also accepted that there are well-recognized exceptions to judicial estoppel, in that a later inconsistent assertion of fact will not necessarily give rise to judicial estoppel if a reasonable justification can be offered for the change in positions.  Id. at 185 (citing New Hampshire v. Maine, 532 U.S. 753, 755 (2001) (noting that inadvertence or mistake may make application of judicial estoppel inappropriate, and referencing "considerations of equity" in deciding that judicial estoppel was appropriate in that case));  see also 18 Moore's Fed. Practice § 134.33[2] (2014) (some courts require bad faith for judicial estoppel to apply).

Consistent with Thore, judicial estoppel is an equitable doctrine invoked by a court at its discretion to prevent a litigant from pressing a claim inconsistent with a position taken by that litigant in a prior legal proceeding.  Knowlton v. Shaw, 704 F.3d 1, 10 (1st Cir. 2013); Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 32-33 (1st Cir. 2004).  The doctrine protects the integrity of courts by preventing parties from manipulating the machinery of the judicial system. Knowlton, 704 F.3d at 10; Alt. Sys. Concepts, Inc., 374 F.3d at 33; see also Rockwood v. SKF USA Inc., 687 F.3d 1, 11 (1st Cir. 2012).  Although the contours of judicial estoppel are "hazy," the First Circuit considers three factors.  Knowlton, 704 F.3d at 10.  First, a party's earlier and later positions must be "clearly inconsistent."  Id.  Second, the party must have succeeded in persuading a court to accept the party's earlier position.  Id.  Third, the party seeking to assert the

---

[10] While not definitively determined in this Circuit, judicial estoppel in a § 1983 action pending in federal court is likely a matter controlled by federal law.  Thore, 466 F.3d at 181 n.1.  However, this Court need not delve into the question because Rhode Island law is consistent.  See D & H Therapy Assocs. v. Murray, 821 A.2d 691, 693-94 (R.I. 2003) (judicial estoppel promotes truthfulness and fair dealing in court proceedings).

15

inconsistent position must stand to derive an unfair advantage if the court accepts the party's new position. Id.

Here, unlike Thore where the court was able to consider the content of the plea colloquy, the moving Defendants present only the conviction itself; they do not present a plea colloquy laying out specific facts that were admitted as the foundation for the plea. However, the inconsistency between the admission to assaulting the two correctional officers and the claim in the complaint that they assaulted him while he did nothing threatening to induce their reaction is sufficient for judicial estoppel as long as no justification for the inconsistency has been presented. And Plaintiff makes no attempt to explain his *nolo contendere* plea; rather, in the deposition testimony presented by Defendants in support of their motion, he stated that he accepted the plea "because of my level of exposure and upon my lawyer's suggestion." Accordingly, I conclude that the equities support application of the judicial estoppel doctrine in this instance to estop Plaintiff from claiming Correctional Officers Pierce and Klaus assaulted him. I therefore recommend that this Court grant the summary judgment motion of Correctional Officers Pierce and Klaus on the additional ground of the equitable doctrine of judicial estoppel.[11]

## IV. CONCLUSION

For the foregoing reasons, I recommend that the Motion for Summary Judgment (ECF No. 35) of Defendants Correctional Officer Thomas Pierce and Correctional Officer Adam Klaus be GRANTED. I further recommend that the Motion to Dismiss Plaintiff's Complaint (ECF No. 37) based on the lack of plausible factual allegations of Defendants Director Ashbel T. Wall, Warden James Weeden, Deputy Warden Donna Collins and Inspector John Lopez be

---

[11] As with my recommendation based on Heck, judicial estoppel has no impact on Plaintiff's claims in paragraphs ¶¶ 40-47 of the complaint.

GRANTED.  I also recommend that the Motion to Dismiss any claim based on paragraphs 21, 22 and 23 of Plaintiff's Complaint (ECF No. 37) based on the applicable statute of limitations be GRANTED.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 24, 2014